IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN BARROS PINTO,<br>a/k/a YEABOY;<br>LOUIS FELIX BELL;<br>AMANDA RENEE SCHNEIDER;<br>ROBINSON ANDRES GOMEZ,<br>a/k/a ROB;<br>KEVEEN ODAIR NOBRE; and<br>DAVID JOSHUA CAMPBELL | **S E C O N D<br>S U P E R S E D I N G<br>I N D I C T M E N T**<br><br>Case No. 3:18-cr-00054<br><br>Violations:  21 U.S.C. §§ 846, 848(a),<br>848(c), 853, 963, and 970; and 18 U.S.C.<br>§§ 1503, 1512(b)(1), 1512(i), 1956(h),<br>and 2 |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances
and Controlled Substance Analogues Resulting in Serious Bodily Injury and Death**

The Grand Jury Charges:

From in or about January 2013 to the date of this Second Superseding Indictment,

in the Districts of North Dakota, Oregon, Florida, Georgia, North Carolina, New Jersey,

California, South Carolina, Ohio, Colorado, Maryland, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY;
ROBINSON ANDRES GOMEZ, a/k/a ROB; and
DAVID JOSHUA CAMPBELL

did knowingly and intentionally combine, conspire, confederate, and agree together with

the following defendants that were indicted in the District of North Dakota, Eastern

Division:  Brandon Corde Hubbard, et al., Case No. 2:15-cr-12; Daniel Vivas Ceron,

Case No. 3:15-cr-55; Ronnie Lee Helms, Case No. 3:15-cr-96; Jian Zhang, et al., Case

No. 3:17-cr-206, and others, both known and unknown to the grand jury, to possess with

intent to distribute and distribute a mixture and substance of the following controlled substances and controlled substance analogues which were intended for human consumption as provided in 21 U.S.C. § 813:

A.  Fentanyl, a Schedule II controlled substance;

B.  ANPP (4-anilino-*N*-phenethyl-4-piperidine), a Schedule II controlled substance;

C.  Ethylone (3,4 –Methylenedioxyethylcathinone), a Schedule I controlled substance;

D.  Acetyl fentanyl, a/k/a (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a controlled substance analogue of fentanyl. Acetyl fentanyl was designated a Schedule I controlled substance on July 17, 2015;

E.  Beta-hydroxy-thiofentanyl, a/k/a (β)-hydroxythiofentanyl, *N*-[1-[2-hydroxy-2-(2-thienyl)ethyl]-4-piperidinyl]-*N*-phenyl-propanamide, a controlled substance analogue of thiofentanyl, a Schedule I controlled substance. Beta hydroxy-thiofentanyl was designated a Schedule I controlled substance on May 12, 2016;

F.  U-47700, a/k/a 3,4-Dichloro-N-[2-(dimethylamino)cyclohexyl]-N-methylbenzamide, a controlled substance analogue of AH-7921 a/k/a 3,4-dichloro –N-[(1-(dimethylamino)cyclohexyl]methyl]benzamide, a Schedule I controlled substance. U-47700 was designated a Schedule I controlled substance on November 14, 2016; and

G. Furanyl fentanyl, a/k/a N-(1-Phenthylpiperidin-4-yl)-N-phenylfuran-2-carboamide, a controlled substance analogue of fentanyl, a Schedule II controlled substance. Furanyl fentanyl was designated a Schedule I controlled substance on November 29, 2016;

all in violation of Title 21, United States Code, Sections 802(32), 812, 813, 841(a)(1), and 841(b)(1)(C); and Title 18, United States Code, Section 2.

## Drug Quantity Finding

The grand jury specifically finds that this conspiracy moved more than 400 grams of a mixture and substance containing fentanyl[1], a Schedule II controlled substance, and more than 100 grams of a mixture and substance of an analogue of fentanyl as provided in 21 U.S.C. § 841(b)(1)(A)(vi). This amount is attributable to all defendants as a result of their conduct and the conduct of other co-conspirators that was reasonably foreseeable to the defendants.

## Death and Serious Bodily Injury

The grand jury specifically finds that deaths and serious bodily injuries alleged in this Count were reasonably foreseeable to defendants STEVEN BARROS PINTO, a/k/a YEABOY, and DAVID JOSHUA CAMPBELL based upon their conduct and the scope of conduct of other co-conspirators known to them.

---

[1] 21 U.S.C. § 841(b)(1)(A)(vi):  The chemical structure of fentanyl is N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.    Co-conspirators did possess with intent to distribute and distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance; ANPP (4-anilino-*N*-phenethyl-4-piperidine), a Schedule II controlled substance; and ethylone, a Schedule I controlled substance, within the states of North Dakota, Oregon, North Carolina, Florida, Colorado, Maryland, Rhode Island, and elsewhere;

2.    Co-conspirators did possess with intent to distribute and distribute a mixture and substance containing detectable amounts of acetyl fentanyl and furanyl fentanyl, which are controlled substance analogues of fentanyl, a Schedule II controlled substance; beta-hydroxy-thiofentanyl, a controlled substance analogue of thiofentanyl, a Schedule I controlled substance; and U-47700, an analogue of AH-7921, within the states of North Dakota, Oregon, New Jersey, Georgia, North Carolina, Florida, Colorado, Maryland, Rhode Island, and elsewhere;

3.    Co-conspirators would and did attempt to conceal their activities by various means and methods including, but not limited to, using various telecommunication facilities designed to mask the identity of co-conspirators. To ensure anonymity and facilitate this conspiracy, co-conspirators used various alias names, WICKR application names, and email addresses, including, but not limited to:

4

    a.  Phantom Pharma;

    b.  Joe Bleau;

    c.  Yaakov Goldmountain;

    d.  Mountain;

    e.  Goldmountain;

    f.  Solid Goldmountain;

    g.  Apexpharma;

    h.  TheGoldenDawn;

    i.  TheLink;

    j.  SilentWisdom;

    k.  Darkwebtycoon;

    l.  Pandora;

    m.  Pandora91;

    n.  Toxic Storm;

    o.  Oddcouple;

    p.  RSix;

    q.  Expiresmarch31@gmail.com;

    r.  Lucratifanarchy777@gmail.com;

    s.  Thelink.pharma@gmail.com;

    t.  Undergroundportal777@gmail.com;

    u.  Livingmountain777@gmail.com;

    v.  Canada.pharma.labs@gmail.com;

    w.  Opiationcreation@gmail.com;

    x.  Sod.catalase@gmail.com;

    y.  sltls@hotmail.com;

    z.  info@zaronasia.com;

    aa. Dedaola1@126.com;

    bb. Goodpartner78@gmail.com;

    cc. Whereisit2013@gmail.com;

    dd. Agssg84@gmail.com;

    ee. dashghahary@icloud.com;

    ff.  rainbowsix@icloud.com;

    gg. Acoustickitty1960@gmail.com; and

    hh. Steez25@gmail.com;

4.      Co-conspirators would and did use United States and Canadian currency in their drug transactions, as well as virtual currency systems;

5.      Co-conspirators used computers to order and sell substances online using internet sites that are specifically designed to be hidden from the public;

6.      Co-conspirators arranged to obtain controlled substances and controlled substance analogues from outside the United States including, but not limited to, Canada and China. These substances were then distributed across the United States;

7.      The distribution of acetyl fentanyl, (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a controlled substance analogue of fentanyl, resulted in the death of J.W. in Garland, North Carolina, on or about January 19, 2014;

8.     The distribution of acetyl fentanyl, (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a controlled substance analogue of fentanyl, resulted in the death of D.L. in Ramsey, New Jersey, on or about February 23, 2014;

9.     The distribution of fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to J.B. and C.H.J. in Fayetteville, North Carolina, on or about February 24, 2014;

10.     In or about August through September 2014, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of fentanyl, acetyl fentanyl, and ANPP from Canada to Florida;

11.     In or about September 2014 through October 2014, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of acetyl fentanyl from Canada to Florida;

12.     In or about November 2014, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of fentanyl to a co-conspirator in Portland, Oregon;

13.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in the death of B.E.H. in Grand Forks, North Dakota, on or about January 3, 2015;

14.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to L.E.H. in Portland, Oregon, on or about March 7, 2015;

15.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to S.D.D. in Portland, Oregon, on or about March 8, 2015;

16.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to K.R.E. in Portland, Oregon, on or about March 9, 2015;

17.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in the death of L.E.B. in Portland, Oregon, on or about March 21, 2015;

18.     In or about February 2015 through March 2015, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of a mixture and substance containing beta-hydroxy-thiofentanyl from Canada to Portland, Oregon;

19.     In or about April 2015, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, from China to Portland, Oregon;

20.      In or about May 2015, Daniel Vivas Ceron, along with other co-conspirators, arranged a shipment of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, from Canada to Fargo, North Dakota;

21.     In or about October 2015 through in or about December 2015, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of a mixture and

substance containing a detectable amount of acetyl fentanyl, from a co-conspirator in California to Florida;

22.     In or about December 2015 through in or about January 2016, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of approximately 147 grams of a mixture and substance containing furanyl fentanyl, from China to Florida, and a shipment of a mixture and substance containing acetyl fentanyl by a co-conspirator from California to Florida;

23.     In or about March 2016 through in or about April 2016, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of approximately 298 grams of a mixture and substance containing furanyl fentanyl and approximately 299 grams of a mixture and substance containing U-47700 to Grand Forks, North Dakota;

24.     In or about April 2016 through in or about May 2016, Jian Zhang, a/k/a Hong Kong Zaron, and other co-conspirators, arranged a shipment of approximately 247 grams of a mixture and substance containing furanyl fentanyl to Florida;

25.     The distribution of a mixture and substance containing fentanyl, a Schedule II controlled substance, resulted in serious bodily injury to C.S.H. in Lincoln, Rhode Island, on or about May 19, 2016;

26.     Co-conspirators used violence and the threat of violence to further the drug conspiracy including, but not limited to:

        a. The assault of K.O.N. by co-conspirators in Rhode Island on or about August 2017;

27.     Jason Joey Berry, a/k/a Daniel Desnoyers, and Daniel Vivas Ceron, a/k/a Daniel Vivas-Ceron, were the organizers and leaders in this criminal conspiracy in Canada and did so while incarcerated in the Drummond Institution, a medium security prison facility located in Quebec, Canada; and

28.     Jian Zhang, a/k/a Hong Kong Zaron, was an organizer and leader of this criminal conspiracy in China and did so by establishing and using the business name of "Zaron Bio-tech," based in China;

All in violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

<u>COUNT TWO</u>

**Conspiracy to Import Controlled Substances and Controlled Substance Analogues
into the United States Resulting in Serious Bodily Injury and Death**

The Grand Jury Further Charges:

From in or about January 2013 to the date of this Second Superseding Indictment,

in the Districts of North Dakota, Oregon, Florida, Georgia, North Carolina, New Jersey,

California, South Carolina, Ohio, Colorado, Maryland, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY;
ROBINSON ANDRES GOMEZ, a/k/a ROB; and
DAVID JOSHUA CAMPBELL

did knowingly and intentionally combine, conspire, confederate, and agree together with

the following defendants who were indicted in the District of North Dakota, Eastern

Division:  Brandon Corde Hubbard, et al., Case No. 2:15-cr-12; Daniel Vivas Ceron,

Case No. 3:15-cr-55; Ronnie Lee Helms, Case No. 3:15-cr-96, and others, both known

and unknown to the grand jury, to import into the United States from Canada and China,

a mixture and substance containing the following controlled substances and controlled

substance analogues which were intended for human consumption as provided in 21

U.S.C. § 813:

    A.  Fentanyl, a Schedule II controlled substance;

    B.  ANPP (4-anilino-*N*-phenethyl-4-piperidine), a Schedule II controlled

        substance;

    C.  Ethylone (3,4 –Methylenedioxyethylcathinone), a Schedule I controlled

        substance;

D.  Acetyl fentanyl, a/k/a (*N*-(1-phenethylpiperidin-4-yl)-*N*-pheylacetamide), a
controlled substance analogue of fentanyl. Acetyl fentanyl was designated a
Schedule I controlled substance on July 17, 2015;

E.  Beta-hydroxy-thiofentanyl, a/k/a (β)-hydroxythiofentanyl, *N*-[1-[2-hydroxy-2-
(2-thienyl)ethyl]-4-piperidinyl]-*N*-phenyl-propanamide, a controlled substance
analogue of thiofentanyl, a Schedule I controlled substance. Beta hydroxy-
thiofentanyl was designated a Schedule I controlled substance on May 12,
2016;

F.  U-47700, a/k/a  3,4-Dichloro-N-[2-(dimethylamino)cyclohexyl]-N-
methylbenzamide, a controlled substance analogue of AH-7921 a/k/a 3,4-
dichloro –N-[(1-(dimethylamino)cyclohexyl]methyl]benzamide, a Schedule I
controlled substance. U-47700 was designated a Schedule I controlled
substance on November 14, 2016; and

G.  Furanyl fentanyl, a/k/a  N-(1-Phenthylpiperidin-4-yl)-N-phenylfuran-2-
carboamide, a controlled substance analogue of fentanyl, a Schedule II
controlled substance. Furanyl fentanyl was designated a Schedule I controlled
substance on November 29, 2016;

all in violation of Title 21, United States Code, Sections 802(32), 812, 813,
841(b)(1)(B)(vi), 841(b)(1)(C), 952(a), 960(a)(1), and 960(b)(3); and Title 18, United
States Code, Section 2.

Drug Quantity Finding

The grand jury specifically finds that this conspiracy moved more than 400 grams of a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance, and more than 100 grams of an analogue of a mixture or substance containing a detectable amount of fentanyl, as provided in 21 U.S.C. § 960(b)(1)(F). This amount is attributable to all defendants as a result of their conduct and the conduct of other co-conspirators reasonably foreseeable to the defendants.

Death and Serious Bodily Injury

The grand jury specifically finds that deaths and serious bodily injuries alleged in this Count were reasonably foreseeable to defendant STEVEN BARROS PINTO, a/k/a YEABOY, and DAVID JOSHUA CAMPBELL based upon their conduct and the scope of conduct of other co-conspirators known to them.

Overt Acts

1.      Jason Joey Berry, a/k/a Daniel Desnoyers, and Daniel Vivas Ceron were the organizers and leaders of this criminal conspiracy in Canada and did so while incarcerated in the Drummond Institution, a medium security prison facility located in Quebec, Canada;

2.      Jian Zhang, a/k/a Jong Kong Zaron, was an organizer and leader of this criminal conspiracy in China and did so by establishing and using the business name "Zaron Bio-tech," based in China. This criminal organization facilitated the unlawful importation of fentanyl, acetyl fentanyl, ANPP, beta-hydroxy-thiofentanyl, U-47700, ethylone, and furanyl fentanyl from China to the United States and Canada. These

controlled substances and controlled substance analogues were then unlawfully distributed throughout the United States as part of the conspiracy alleged in Count One of this Second Superseding Indictment;

3.      Members of the conspiracy paid the international sources of supply for these substances on numerous occasions using the means and methods alleged in Count One of this Second Superseding Indictment;

4.      The unlawful activities related to the unlawful importation of fentanyl and acetyl fentanyl resulted in deaths and serious bodily injury to multiple victims, as alleged in Count One of this Second Superseding Indictment, and are incorporated herein by reference; and

5.      Members of the conspiracy used violence and the threat of violence to further the conspiracy, as alleged in Count One of this Second Superseding Indictment, and are incorporated herein by reference;

In violation of Title 21, United States Code, Section 963; Pinkerton v. United States, 328 U.S. 640 (1946).

<u>COUNT THREE</u>

**Continuing Criminal Enterprise**

The Grand Jury Further Charges:

From in or about January 2013 to the present, in the Districts of North Dakota, Oregon, Florida, Georgia, North Carolina, New Jersey, California, South Carolina, Ohio, Maryland, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY,

did knowingly and intentionally engage in a Continuing Criminal Enterprise in that he violated Title 21, United States Code, Sections 812, 813, 841(a)(1), and 846, including, but not limited to, the violations alleged in Count One of this Second Superseding Indictment, which are incorporated herein by reference. The above-described violations were, and are, part of a continuing series of violations.

These continuing series of violations were undertaken by STEVEN BARROS PINTO, a/k/a YEABOY, in concert with at least five other persons with respect to whom STEVEN BARROS PINTO, a/k/a YEABOY, occupied a position of organizer, supervisor, and manager.

From this continuing series of violations, STEVEN BARROS PINTO, a/k/a YEABOY, obtained a substantial income.

The United States specifically alleges that STEVEN BARROS PINTO, a/k/a YEABOY, was the principal administrator, organizer, and leader of the enterprise.

In violation of Title 21, United States Code, Sections 848(a) and 848(c).

<u>COUNT FOUR</u>

**Tampering with a Witness**

The Grand Jury Further Charges:

On or about March 7, 2018, in the Districts of North Dakota, Florida, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY,

did knowingly and corruptly persuade and attempt to persuade D.J.C. to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information related to the commission of a federal offense, namely the drug conspiracy alleged in Count One of this Second Superseding Indictment, by directly or indirectly paying D.J.C. to remain silent about the conspiracy;

In violation of Title 18, United States Code, Sections 1512(b)(1), 1512(i), and 2.

## COUNT FIVE

**Tampering with a Witness**

The Grand Jury Further Charges:

On or about March 12, 2018, in the Districts of North Dakota, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY,

did knowingly and corruptly persuade and attempt to persuade D.S.G. to hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information related to the commission of a federal offense, namely the drug conspiracy alleged in Count One of this Second Superseding Indictment, by directly or indirectly paying to send D.S.G. to Cape Verde;

In violation of Title 18, United States Code, Sections 1512(b)(1), 1512(i), and 2.

17

## COUNT SIX

**Obstruction of Justice**

The Grand Jury Further Charges:

In or about March 30, 2018, in the District of North Dakota, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY,

did corruptly influence, obstruct, and impede, and endeavor to influence, obstruct, and impede the due administration of justice in United States of America v. Steven Pinto, et al., Case Nos. 3:18-mj-00068 and 3:18-cr-00054, in the United States District Court for the District of North Dakota, specifically, by communicating with a third party with instructions to co-conspirators to remain silent about the charged drug trafficking conspiracy;

In violation of Title 18, United States Code, Sections 1503 and 2.

<u>COUNT SEVEN</u>

**Money Laundering Conspiracy**

The Grand Jury Further Charges:

From in or about January 2013 to the present, in the Districts of North Dakota,

Oregon, Florida, Georgia, North Carolina, New Jersey, California, South Carolina, Ohio,

Colorado, Maryland, Rhode Island, and elsewhere,

STEVEN BARROS PINTO, a/k/a YEABOY,

did knowingly and willfully combine, conspire, confederate, and agree together and with

others, to commit an offense against the United States, specifically: to violate Title 18,

United States Code, Sections 1956(a)(1)(A)(i) and (a)(1)(B)(i), in that members of the

conspiracy did knowingly and intentionally conduct and attempt to conduct financial

transactions in and affecting interstate and foreign commerce within the United States

and also by moving monetary instruments from the United States and to Canada and

China as described below, which involved the proceeds of a specified unlawful activity,

that is, the distribution and importation of controlled substances and controlled substance

analogues intended for human consumption in violation of Title 21, United States Code,

Sections 802(32), 812, 813, 841, 846, 848, 952, 960, and 963, with the intent to promote

the carrying on of the specified unlawful activity and knowing that the transactions were

designed in whole and in part to conceal and disguise the nature, location, source,

ownership, and control of the proceeds of the said specified unlawful activity, in violation

of Title 18, United States Code, Section 1956(h).

19

<u>Overt Acts</u>

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1.     During the course of and to further said conspiracy, members of the conspiracy sold controlled substances and controlled substance analogues across the United States including, but not limited to:  North Dakota, Oregon, Florida, Georgia, North Carolina, New Jersey, California, South Carolina, Ohio, Colorado, Maryland, Rhode Island, and elsewhere;

2.     During the time frame of the conspiracy, members of the conspiracy sold the controlled substances and controlled substance analogues.  Co-conspirators then conducted numerous financial transactions including, but not limited to, money wires, bank wires, and bank deposits, using U.S. currency, Canadian currency, and virtual currency systems to pay for controlled substances and other items and services to promote the conspiracy; and

3.     To hide their financial transactions, co-conspirators used off-shore accounts, anonymous virtual currency transactions, and third parties to move money, as well as using encrypted communication applications to discuss financial transactions; and

4.     The purpose of transferring currency in this fashion was to promote the ongoing drug conspiracy and to conceal and disguise the nature, source, ownership, and control of the proceeds from the trafficking of controlled substances and controlled substance analogues;

In violation of Title 18, United States Code, Section 1956(h).

<u>FORFEITURE ALLEGATION</u>

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of  STEVEN BARROS PINTO, a/k/a YEABOY, of the

controlled substance offense alleged in Count One of the Second Superseding Indictment,

in violation of Title 21, United States Code, Section 846,

STEVEN BARROS PINTO, a/k/a YEABOY,

shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853

and 970, any and all property constituting or derived from any proceeds STEVEN

BARROS PINTO, a/k/a YEABOY, obtained directly or indirectly as a result of the

violations and any and all property used or intended to be used in any manner or part to

commit or to facilitate the commission of the violations alleged in Count One and Count

Two of this Second Superseding Indictment. This includes, but is not limited to:

1. $25,187 in cash seized on March 1, 2018, and

2. A gold necklace with diamonds seized on March 1, 2018.

If any of the forfeitable property as a result of any act or omission of the

defendant(s):

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code,

Section 853(p), to seek forfeiture of any other property of said defendant up to the value

of the forfeitable property;

In violation of Title 21, United States Code, Sections 853 and 970.

A TRUE BILL:


/s/ Grand Jury Foreperson
Foreperson


/s/ Christopher C. Myers
CHRISTOPHER C. MYERS
United States Attorney

CCM:ld