# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | **ORDER GRANTING GOVERNMENT'S MOTION FOR JOINDER OF DEFENDANTS FOR TRIAL** |
| vs. | ) | |
| Daniel Vivas Ceron, | ) | Case No. 2:15-cr-055 |
| Defendant. | ) | |
| United States of America, | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| Steven Barros Pinto, | ) | Case No. 3:18-cr-054-1 |
| Defendant. | ) | |

Before the Court is the Government's November 7, 2018, motion to join Defendants Steven Pinto and Daniel Ceron for the purposes of trial on February 4, 2019. Ceron did not respond to the motion. Pinto filed a brief in opposition to the motion on November 20, 2018. The Government filed a reply brief on November 30, 2018. For the reasons set forth below, the Government's motion is granted.

## I. BACKGROUND

Law enforcement officials in the District of North Dakota initiated a federal investigation into a fentanyl overdose death case in Grand Forks, North Dakota, in January 2015. To date, there have been thirty-two (32) defendants charged in the investigation.

The Government alleges Ceron was the leader and organizer of the criminal conspiracy and

1

did so while incarcerated in a prison in Quebec, Canada. Ceron was deported from Canada to Columbia via Panama in July of 2015, and was arrested on a provisional arrest warrant in Panama. The Government contends Ceron continued the conspiracy while in prison in Panama. Ceron was brought to the United States in 2017.

The Government contends numerous fentanyl-related overdoses are tied to the Ceron organization. These overdoses include deaths in North Dakota, Oregon, New Jersey, North Carolina, and elsewhere. Ceron's organization was allegedly involved in obtaining controlled substances and controlled substance analogues from China, and conspiring with drug trafficking organizations in the United States to supply those organizations. One such organization was located in Rhode Island.

The Government alleges that Steven Pinto played a leadership role in the Rhode Island organization and was involved from approximately 2015-2017. It is alleged Pinto coordinated with co-conspirators who procured controlled substances and controlled substance analogues from Ceron. These controlled substances were allegedly shipped by representatives of Ceron's organization in Canada to Pinto's representatives in Rhode Island.

Pinto is currently set for a six-week trial beginning on January 15, 2019, before Chief Judge Daniel L. Hovland in Fargo, North Dakota. Ceron is currently set for three-week trial on February 4, 2019, before Judge John P. Bailey in Fargo, North Dakota.

II. **LEGAL ANALYSIS**

Rule 13 of the Federal Rules of Civil Procedure provides that a district court may "order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R.

Crim. P. 13. Rule 8(a) of the Federal Rules of Civil Procedure provides the standard for joinder of offenses, and states that "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim P. 8(a). Rule 8(b) provides the standard for joinder of defendants, and states that "[t]wo or more defendants may be charged in the same indictment if they allegedly participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b); see also United States v. Davis, 534 F.3d 903, 916 (8th Cir. 2008). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). The Eighth Circuit Court of Appeals has held that the provisions of Rule 8(b) are to be construed liberally in favor of joinder and "rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Patterson, 140 F.3d 767, 774 (8th Cir. 1998). The trial court is permitted to exercise discretion in determining whether trial consolidation is appropriate. Id.

A review of the respective indictments reveals the Defendants are charged with participating in the same fentanyl distribution conspiracy. Many of the witnesses to be called in the trials overlap including cooperating witnesses from Rhode Island, Florida, and numerous law enforcement officials. Other evidence in the cases substantially overlaps as well. The Defendants were identified at different stages of the four-year investigation and were arrested at different times which resulted in separate indictments. The Defendants could have been joined in a common indictment and likely would have been indicted together but for the timing of the investigation and when their respective roles in the conspiracy were discovered. Both the Ceron and Pinto trials are scheduled to last multiple weeks.

While Pinto contends he was not involved in all of the conspiracies Ceron allegedly headed up, it is enough that Pinto was involved in one of them for the two men to be tried together. The jury will be able to compartmentalize the evidence once properly instructed by the court. See Davis, 534 F.3d at 916-17. "[D]efendants need not be charged in each count" for a joint trial to be proper. Wadena, 152 F.3d 831, 848. The Pinto indictment makes frequent reference to Ceron as a conspirator and thus the Government's decision to seek joint trials should come as no surprise to Pinto.

Because the Defendants are charged in the same conspiracy, the evidence and witnesses largely overlap, and joint trials will conserve scarce judicial resources, the Court concludes joinder is proper. Joint trials are preferred in such cases as they conserve scarce judicial resources. See United States v. Sawyers, 963 F.2d 157, 161 (8th Cir. 1992) (noting joinder of the defendants involved in the same conspiracy is appropriate and conserves judicial resources); United States v. Flores, 362 F.3d 1030, 1039 (8th Cir. 2004) ("Once defendants are properly joined under Rule 8, there is a strong presumption for their joint trial," because a joint trial gives the jury the best perspective on all of the evidence, increases the likelihood of the proper outcome, is more efficient than separate trials, and helps avoid inconsistent verdicts).

### III.   CONCLUSION

Accordingly, the Government's motion for joinder is **GRANTED**. Trial as to Defendant Steven Pinto is joined with the trial as to Defendant Daniel Ceron, currently scheduled for February 4, 2019, in Fargo, North Dakota, before Judge John P. Bailey. Further, all time which elapses from the date of this order until trial shall be excluded from any Speedy Trial Act calculation. See 18 U.S.C. § 3161(h)(6), (7)(A) and (7)(B)(i) and (iv). Case No. 3:18-cr-54-1 is reassigned to Judge

4

Bailey for all further proceedings, and Judge Bailey is in agreement with this order being filed in both cases.

**IT IS SO ORDERED.**

Dated this 3rd day of December, 2018.

/s/ Daniel L. Hovland
Daniel L. Hovland, Chief Judge
United States District Court