IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | No. 18-CR-00054-KES |
| ) | |
| STEVEN BARROS PINTO      ) | |

### AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL DATE

The undersigned affiant, counsel for the defendant states the following:

1. I am the under-signed counsel in the above entitled matter;

2. I have been retained to represent the defendant in this matter;

3. On May 15, 2019, undersigned counsel filed a motion to appear pro hac vice, which was granted on May 16, 2019;

4. On May 17, 2019, undersigned counsel filed a motion to be allowed as substitute counsel, which was granted that day;

5. On May 24, 2019, undersigned counsel received a copy of the Order and Protective Order for Steven Barros Pinto. Undersigned counsel reviewed, signed and returned these documents on May 27, 2019;

6. On May 28, 2019, undersigned counsel received a hard drive containing discovery; Counsel was unable to copy a small portion of the hard drive containing the defendant's computer downloads. The United States Attorney's office immediately resent an additional hard drive with those materials.

7. The hard drive was not compatible with counsel's computer resources so undersigned counsel ordered a new computer;

8. On June 21, 2019, counsel began to assess the discovery and began discovery review;

9. The discovery is voluminous containing dozens of audio recorded statements of witnesses and includes 267 CD's.

10. Counsel has invested an extraordinary amount of time and remains committed to reviewing discovery daily;

11. Counsel has refused a number of new cases to allow focus on preparing this case;

12. Counsel received a portion of Mr. Pinto's file from predecessor counsel separate from the discovery provide by the Government. These materials contain no work product that assist or will facilitate the review of discovery;

13. From a review of the docket and file provided by predecessor counsel it does not appear that prior counsel filed any discovery motions or substantive motions other than a motion to change venue;

14. The defendant is charged with, among other offenses, conspiracy to possess with intent to distribute and distribute controlled substances and controlled substance analogues resulting in serious bodily injury and death. It does not appear that prior counsel retained or consulted with any experts in preparation for trial;

15. This is a complicated and complex case that includes numerous cooperating witnesses, multiple co-defendants that have pled guilty and voluminous phone and computer records that span multiple factions of the alleged conspiracy.

16. Counsel has phone conferenced with his client at least once a week engaging in extended conversations about the case and to discuss discovery and trial preparation;

17. An April 2020 trial date will allow counsel a total of ten months to review all of the discovery and prepare this case for trial. Undersigned counsel will need this time to review all of the discovery,

meet with the accused, file relevant motions, attempt to obtain hearings or rulings on relevant motions, obtain, notice and prepare experts and be prepared for trial;

18. Prior counsel sought and was granted a continuance and allowed 18 months to prepare for trial. The government has had nearly four years to develop its case.

19. It is expected that additional discovery will be provided by government.

20. The defendant understands the need for the requested delay and has agreed to it. As such, he has expressly waived his rights under the Speedy Trial Act, and continues to waive his right to move for dismissal of the charges on the grounds of a Speedy Trial Act violation;

21. Undersigned counsel has a first degree murder case scheduled for trial in Essex County Superior Court in Massachusetts beginning December 3, 2019;

22. Undersigned counsel has a first degree murder case expected to be scheduled for trial in Suffolk County Superior Court in Massachusetts, in early 2020. This case was fully prepared for trial, but was unexpectedly continued due to court congestion in

early June 2019. If a continuance is allowed counsel will schedule the Suffolk case in a manner that does not interfere with readiness in Mr. Pinto's case.

Signed under the pains and penalties of perjury, this 25th day of July, 2019.

/s/ Hank Brennan
Hank Brennan