IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN BARROS PINTO,<br>a/k/a YEABOY,<br><br>Defendant. | Case No. 3:18-cr-54-01<br><br>**UNITED STATES' MOTION TO REVOKE EX PARTE ORDER TO PROVIDE DEFENDANT WITH HARDWARE TO REVIEW DISCOVERY (Doc. 198)** |

The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Christopher C. Myers, Assistant United States Attorney, hereby requests the Court to reconsider and revoke its Ex Parte Order to Provide Defendant with Hardware to Review Discovery (Doc. 198). On January 3, 2019, this Court entered an Ex Parte Order to Provide Defendant with Hardware to Review Discovery (Doc. 198). That Order states:

> Pinto shall not make any copy of the discovery, paper or electronic. Pinto is prohibited from discussing any of the discovery material with anyone except Pinto's attorney and staff employed by Pinto's attorney. Pinto's attorney shall be responsible for explaining the terms of this Order to Pinto.

Pinto's retained counsel at the time of this Order was David A. Cooper, Cooper Law Associates, LLC, Providence, Rhode Island. According to the docket in this case, Mr. Cooper was terminated on May 17, 2019, and on this same date, Henry Brennan was substituted as retained counsel. (Doc. 281 & 283). On May 29, 2019, the defendant, through Mr. Brennan, entered into a second Stipulated Discovery Order on this case. (Doc. 284).

## FACTS

This Court has reviewed a number of search warrant affidavits related to the seizure of discovery materials that Steven Pinto copied or downloaded onto an MP3 player and attempted to mail the materials to his parent's residence in Rhode Island on December 26, 2019. In support of this Motion, the United States will rely on some of the facts contained in the search warrant affidavits.

On December 26, 2019, S/A Gilpin was notified by the GFCCC that Steven Pinto had requested to ship out a USPS package to his mother Eugenia Pinto. GFCCC personnel also stated that inside of this package was an MP3 device, along with various books and cards. S/A Gilpin further learned that Steven Pinto was being transferred to the Tri-County Correctional Center in Crookston, Minnesota, and Steven Pinto would not be able to have these items when Steven Pinto left the GFCCC.

On December 27, 2019, S/A Gilpin went to the GFCCC and seized the package and placed that package into evidence until agents could prepare and apply for a federal search warrant to search the contents of this package. When S/A Gilpin took custody of this package it was not sealed, and S/A Gilpin could see multiple books and a MP3 device contained within the package. There was a note attached to the package. Steven Pinto requested that the package be sent to Eugenia Pinto, 17 Walker St., Pawtucket, RI, 02860. While at the GFCCC, S/A Gilpin spoke with GFCCC Lt. Wayne Mack. Lt. Mack stated that it was common for the correctional officer to search incoming and outgoing mail. Lt. Mack stated that if items are listed as legal mail they do not read or search through those items unless there is a specific reason, such as if an inmate was

found to list items as legal mail, but the mail was going to someone other than an attorney.

On December 30, 2019, S/A Edwin Carter spoke with GFCCC Lt. Jodi Hilde. Lt. Hilde stated that while multiple MP3 devices purchased by inmates is not unheard of, Lt. Hilde stated that it wouldn't be common for multiple MP3 devices to be purchased by one inmate. Lt. Hilde stated that the storage capacity of the MP3 devices purchased by inmates appears to be eight gigabytes. S/A Carter knows through training and experience that a typical eight gigabyte device can roughly hold between 1500 to 2000 songs and/or numerous digital files.

On December 30, 2019, S/A Carter went to the GFCCC and conducted a test utilizing the MP3 devices that are sold by TurnKey to inmates confined in the GFCCC. S/A Carter was able to access the MP3 device by connecting the MP3 device to a federal defendant Pod 3 laptop used by federal inmates housed in the GFCCC. S/A Carter was able to create and modify folders inside the MP3 device. S/A Carter was able to save files from a separate solid state storage device (i.e. external hard drive connected to a Pod 3 laptop) onto the MP3 device. In conclusion, agents found that the MP3 devices sold by the GFCCC, can be utilized by federal inmates with access to the federal defendant laptops, to transfer/store discovery materials previously held on an approved external hard drive in their possession. Furthermore, an inmate could then send/disseminate the information stored on the MP3 device(s) by mailing out the MP3 device(s).

On January 2, 2020, U.S. Magistrate Judge Alice R. Senechal signed a federal Search and Seizure Warrant in the District of North Dakota for the above noted package,

3

Unsealed USPS Mail Parcel/Box originating from Steven Pinto addressed to Eugenia Pinto, 17 Walker Street, Pawtucket, Rhode Island, 02860.

On January 2, 2020, agents removed the package from the GFNTF secure evidence room and conducted a search of the package. A search of the package revealed a MP3 device, books, cards/paperwork, and personal care items. Agents took photographs of the items contained in the package. Agents then utilized Cellebrite, a law enforcement tool, to conduct a physical forensic extraction of the contents on MP3 device seized from Steven Pinto. It should be noted that Cellebrite is a digital data extraction software. The data extraction software can extract, decrypt, parse and analyze phonebook contacts, all types of multimedia content, SMS (Short Messaging Service) and MMS (Multimedia Messaging Service),·call logs, electronic serial numbers (ESN) and International Mobile Equipment Identities (IMEI). A physical extraction enables Cellebrite to recover deleted information, decipher encrypted information, decipher encrypted data and acquire information from password-protected mobile applications such as Facebook, Skype, WhatsApp, and browser-saved passwords.

On January 2, 2020, agents further reviewed the physical forensic extraction of the contents stored on the MP3 device seized from Steven Pinto. Agents located in excess of 5 gigabytes of federal discovery material contained in numerous file folders on the MP3 device. The file folders contained image files, audio files, video files, and document files related to the ongoing drug investigation involving Steven Pinto and others. Image files included photographs of Steven Pinto, other defendants in the investigation, controlled substances seized in the investigation, and other related items. Audio and video files

included witness interviews, undercover investigative material, and additional communication/evidence related to the distribution of controlled substances. Document files included agent reports, reports produced by Royal Canadian Mount Police (RCMP) investigators, email communication, and additional sensitive case related information. It should further be noted that all pdf documents discovered on Steven Pinto's MP3 device were marked with Bates numbers originating from the United States Attorney's Office in Fargo, North Dakota.

On January 16, 2020, Steven Pinto was indicted for Possession of a Contraband Cell Phone, Contempt, and Obstruction of Justice in connection with violating the Orders of the Court.

The United States is continuing the investigation into the obstruction of justice related to the copying and dissemination of discovery material. The United States believes there was more discovery materials sent out by the defendant in violation of this Court's Order. The defendant has not assisted the United States in recovering this material.

## ARGUMENT

The United States routinely enters into stipulated discovery orders with defendants. This allows defendants far greater access to discovery materials than the discovery rules and statutes provide. It also provides defendants and counsel discovery materials much earlier in the case. In exchange for this concession, the stipulated discovery order protects the discovery material to avoid instances of witness tampering

and obstruction of justice. There is a Stipulated Discovery Order in this case (Doc. 284). The United States requests that remain in effect[1].

The Court, along with other stakeholders, took the discovery process a step further allowing defendants the privilege of viewing discovery materials on a laptop computer at the jail facility pursuant to court order. This Order, like the Stipulated Discovery Order, prohibits the defendant from copying or disseminating the material. While there is no legal authority for this practice, it was implemented in this District as a matter of convenience, primarily for defense counsel.

The defendant has violated the Court's Order in this matter and the United States requests the Court revoke the Order allowing the defendant to have access to a computer or hard drive within the jail facility. The conduct presents a serious safety risk to cooperating witnesses in this case. Before violating this Order, the defendant was already under indictment for witness tampering and obstruction. As the Court is aware, the defendant also exhibited extreme violence during the conspiracy.

In this case, the risk to the safety of witnesses and the potential of further obstruction of justice in this case outweighs the convenience of access to a computer in the jail to review discovery. Defense counsel or his designee may still review discovery materials with the defendant pursuant to the Stipulated Order. The United States requests

---

[1] The defendant violated this Order as well, but the United States has no evidence that Mr. Brennan was aware of his client's conduct.

the Order to Provide Defendant with Hardware, Doc. 198, be revoked.

    Dated:  February 3, 2020

                              DREW H. WRIGLEY
                              United States Attorney

                    By:    */s/ Christopher C. Myers*
                              CHRISTOPHER C. MYERS
                              Assistant United States Attorney
                              ND Bar ID 05317
                              655 First Avenue North, Suite 250
                              Fargo, ND  58102-4932
                              (701) 297-7400
                              chris.c.myers@usdoj.gov
                              Attorney for United States