IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | No. 18-CR-00054-KES |
| STEVEN BARROS PINTO | ) ) ) | |

**DEFENDANT'S MOTION IN OPPOSITION TO THE UNITED STATES' MOTION TO REVOKE EX PARTE ORDER TO PROVIDE DEFENDANT WITH HARDWARE TO REVIEW DISCOVERY (Doc.198)**

The defendant respectfully requests the Court to deny the United States' motion to revoke its Ex Parte Order to Provide the Defendant with Hardware to Review Discovery (Doc.198).

The government motion notes that "[t]his Court has reviewed a number of search warrant affidavits related to the seizure of discovery materials that Steven Pinto copied or downloaded onto an MP3 player…" Defense counsel has not been provided any search warrants, affidavits or discovery materials related to the indictment and counts that stem from these most recent allegations. The defendant's motion in opposition does not have the benefit of review of those cited materials.

The discovery in the above docketed case is voluminous and continues to escalate. Discovery includes but is not limited to two hundred and seventy-three compact discs of material. The CD's contained both documentary evidence and dozens of witness interviews, many extending hours long.

1

In addition, discovery includes over thirty-three thousand Bates numbered pages contained in approximately two-thousand nine hundred pdf documents. Separate from these pages are various other collections of paper discovery including but not limited to financial records (2,514 pages); Grand Jury transcripts (approximately 1,000 pages); and numerous other categories of paper discovery. (TAX; MLAT; GHAN etc.). The government has informed counsel that its investigation into the original indictment is ongoing and it expects to provide more witness interviews and documents. None of the expected new discovery will have been reviewed by Mr. Pinto.

Also, Mr. Pinto has recently been indicted and charged with four new counts. Investigation relative to the new indictment will produce additional new discovery that also has not been reviewed by Mr. Barros Pinto.

Undersigned counsel is subsequent counsel. Undersigned counsel has worked closely with Mr. Pinto to be prepared for trial in the initial indictment. Mr. Pinto is an active participant and essential in his defense. Given the proximate distance between undersigned counsel's office and the location of Mr. Pinto's incarceration, most collaboration is conducted by telephone and written correspondence. Both Mr. Pinto and undersigned counsel have had the benefit of investing considerable time reviewing discovery separately and then

collaborating. The possibility of effectively reviewing existing discovery and expected new discovery in preparation for trial in person is remote.

Importantly, the government had been extraordinarily cooperative in providing discovery and accommodating some of the defense requests for non-mandatory discovery. One of the government's accommodations includes the production of over five-thousand recorded phone calls made by expected cooperating witness at trial. Counsel expects that portions of many of the produced phone calls consist of conversation in Creole. It is imperative for the defense to review and analyze these phone calls in support of the defense case and to prepare cross-examinations of the cooperating witnesses. Mr. Pinto is able to speak and understand Creole, undersigned counsel is not. Mr. Pinto has the ability to listen and identify relevant and important calls that can be marked for transcription. The cost of employing a Creole-speaking paralegal as a member of the defense team to independently review the over five thousand phone calls is not feasible.

Undersigned counsel is unaware of any witnesses that have reported having been intimidated, threatened or even confronted with statements made by any witnesses or information provided in discovery stemming from the accusations against Mr. Pinto. The history of this case includes at least one past violation of the

Court's discovery order where a co-defendant purposefully disseminated discovery to other members of the alleged criminal conspiracy at a critical juncture. It has been reported that content of the previously disseminated discovery spread through the Rhode Island area, Facebook, and other mediums. Undersigned counsel is unaware of any sanction or charges imposed upon the offending co-defendant.

Mr. Pinto's ability to privately review the discovery is not simply a convenience, rather, it is critical to defense's adequate preparation for trial. Again, there is no viable alternative to Mr. Pinto's ability to review over five thousand phone calls made by cooperating witnesses.

Adequate precautions can be put in place to ensure compliance with the Court's orders. Computer hardware can be limited to prevent clicking and dragging of files. The facility can follow a standing order preventing Mr. Pinto from bringing MP3 devices into the discovery reviewing area. The facility also can search outgoing non-legal mail.

The defense will not be able to review the over five thousand phone calls without Mr. Pinto's contribution. Prohibiting Mr. Pinto from reviewing new discovery and perusing past discovery independent of counsel will substantially impede the defense from adequately preparing for trial.

|  |  |
|---|---|
|  | Respectfully submitted,<br>Steven Barros Pinto<br>By his attorney,<br><br>/s/ Hank Brennan<br>Hank Brennan, *pro hac vice*<br>BBO # 634036<br>20 Park Plaza, Suite 400<br>Boston, MA 02116<br>(617) 201-5977 |
| February 13, 2020 | hb@hbjustice.com |

CERTIFICATE OF SERVICE

    I hereby certify that the above document, which was filed today, February 13, 2020, using the CM/ECF system, was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                                                                   /s/ Hank Brennan<br>
                                                                                                   Hank Brennan