IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>STEVEN BARROS PINTO,<br>a/k/a YEABOY,<br><br>　　　　Defendant. | Case No. 3:18-cr-54-01<br><br>**UNITED STATES' REPLY TO DEFENDANT'S RESPONSE REGARDING EX PARTE ORDER TO PROVIDE DEFENDANT WITH HARDWARE TO REVIEW DISCOVERY (Doc. 198)** |

　　　The United States of America, by Drew H. Wrigley, United States Attorney for the District of North Dakota, and Christopher C. Myers, Assistant United States Attorney, hereby submits its reply to Defendant's response (Doc. 306) regarding the Court's Ex Parte Order to Provide Defendant with Hardware to Review Discovery (Doc. 198).

　　　The Defendant submits that the United States did not provide discovery related to this ongoing investigation into the dissemination of discovery materials by the Defendant. Doc. 306 at 1. Fed Ex records indicate discovery was delivered to defense counsel, Mr. Brennan, on February 10, 2020, at 11:33 a.m. These discovery materials included search warrants related to the seizure of the MP3 player mailed by the Defendant on or about December 26, 2019, (Bates # 33566-33872). The materials were delivered three days before the Defendant's response was filed. In follow-up with Mr. Brennan today, he indicated he received the discovery from his Boston office yesterday and was not aware the discovery was received on February 10, 2020.

　　　Since the filing of the Government's Motion (Doc. 304), investigators have obtained additional information regarding the Defendant's misuse of electronic discovery

and it consequences, further demonstrating the need to impose reasonable restrictions on the Defendant's access to electronic discovery within the detention facility. Last week the investigative team was in Rhode Island continuing the investigation and preparing for trial. On February 13, 2020, witnesses revealed that the Defendant mailed another MP3 player to his parents' residence in early 2019. According to witnesses, this MP3 player contained audio recordings of various witnesses in the case. The United States anticipates additional charges relating to this crime. The United States is continuing to investigate the scope and breadth of the dissemination of discovery material by the Defendant and his family members and corresponding obstruction of justice. At least three witnesses last week reported instances of threats or information regarding potential harm to them, their family members, or other witnesses. This included a witness who reported the witness' 11-year-old daughter was called on or about February 7, 2020, by an adult male who said, "Your mom is going to jail and I'm going to kill you." This witness also reported that associates of this criminal organization had access to discovery materials including his/her grand jury testimony.

  The Defendant argues that there is no viable alternative to allowing the Defendant access to a hard drive in the jail facility. <u>See</u> Doc. 306 at 4. The Defendant has hired two separate lawyers in this case, and the United States believes the retainers for both attorneys were substantial. Given the substantial financial resources included in the retainer, there are a number of options in lieu of providing the Defendant with discovery in the jail that would allow the Defendant to meaningfully participate in his own defense. First, Mr. Brennan could travel to North Dakota and review the discovery with the

Defendant. Counsel knew at the time he was hired that the case was complex and the discovery was substantial. It was also clear that the Defendant was in custody in North Dakota. Second, Mr. Brennan could hire local counsel to review the discovery materials with the Defendant. Finally, Mr. Brennan could hire a local investigator to review discovery with the Defendant. All of these are viable options to allow the Defendant and counsel to adequately prepare for trial.

The United States requests this Court to review, ex parte, the retainer agreement(s) entered into by the Defendant and Mr. Brennan and Mr. Cooper to evaluate the Defendant's ability to obtain additional assistance for the supervised review of discovery materials. The United States believes family members have been paying for the services of Mr. Brennan. On February 13, 2020, a federal search warrant was executed at the residence of the Defendant's parents, Jose and Eugenia Pinto, in Providence, Rhode Island. Agents discovered hidden inside a wall approximately $500,000 in cash that was identified as belonging to the Defendant. This is the same residence where the MP3 players were destined and received.

The final argument advanced by the Defendant is that the facility could follow a standing order to prevent the Defendant from bringing MP3 devices into the discovery reviewing area or prepare specialized computers to limit copying and dissemination. (Doc. 306 at 4). Area correctional facilities, who are under contract with the U.S. Marshals Service, are unable to adequately monitor the electronic discovery within the facilities. There is no uniform policy within the facilities regarding the handling of electronic discovery. The laptops are different and access to the laptops by other inmates

varies depending on the facility. Finally, such a requirement provides an extra burden on the staff of the facilities.

Defense counsel is advocating for the Court to order special accommodations for a Defendant who has already violated this Court's Orders at least two times. The investigation continues and the United States requests the Court revoke Doc. 198.

Dated: February 19, 2020

                              DREW H. WRIGLEY
                              United States Attorney

By:   */s/ Christopher C. Myers*
       CHRISTOPHER C. MYERS
       Assistant United States Attorney
       ND Bar ID 05317
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       chris.c.myers@usdoj.gov
       Attorney for United States